**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

PHYLLIS JONES, :
:
    Claimant, :
:
v. : CASE NO. 5:09-CV-387 (MTT)
: Social Security Appeal
MICHAEL ASTRUE, :
Commissioner of Social Security, :
:
    Respondent. :

**REPORT AND RECOMMENDATION**

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Claimant's application for a period of disability and disability insurance benefits, finding that she was not disabled within the meaning of the Social Security Act and Regulations. Claimant contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court's role in reviewing claims brought under the Social Security Act

is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46, 48 (5th Cir. 1973) (per curiam). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled. 20 C.F.R. § 404.1520, app. 1, pt. 404. First, the Commissioner determines whether the claimant is working. If not, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments. Next, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations (the "Listing"). Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

I. **Did the ALJ err by failing to properly apply the two part pain standard in evaluating Claimant's credibility?**

II. **Did the ALJ err in failing to specify the weight he gave to the medical opinions of record?**

III. **Did the ALJ err in failing to apply the "slight abnormality standard" in determining that her restless leg syndrome was not severe?**

3

## Administrative Proceedings

Claimant protectively filed applications for a period of disability, Disability Insurance Benefits and Supplemental Security Income on July 25, 2007. (Tr. 133, 139, 163). Upon the denial of her application and after reconsideration, Plaintiff timely filed a request for a hearing, and on February 18, 2009, a hearing was held. (Tr. 40-69). On March 24, 2009, the ALJ entered an unfavorable ruling (Tr. 14-22), and the Appeals Council subsequently denied her request for review. (Tr. 1-3). This appeal followed.

## Statement of Facts and Evidence

Claimant's applications for benefits allege a disability beginning on January 1, 2005, due to restless legs, shoulder pain, partial collapsed lung and asthma. (Tr. 178). After careful consideration of the record, including hearing testimony from the vocational expert and Claimant, the ALJ concluded that Claimant suffered from degenerative disc disease and chronic obstructive pulmonary disease (COPD). (Tr. 16). Although the ALJ considered these impairments to be severe within the meaning of the Regulations, he concluded that the impairments, or any combination of alleged impairments, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ then found that Claimant had the residual functional capacity ("RFC") to perform a limited range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b); that Claimant could not perform her past relevant work; and that there were jobs which existed in significant numbers in the national economy that Claimant could perform. (Tr. 21-22).

# DISCUSSION

I. **Did the ALJ err by failing to properly apply the two part pain standard in evaluating Claimant's credibility?**

Claimant argues that the ALJ failed to properly apply the two part "pain standard" and further contends that the ALJ failed to make a proper credibility determination which is in compliance with the law of the Eleventh Circuit. (R. 12, p. 8). The Eleventh Circuit has held that in order for a claimant's subjectively alleged pain to be deemed credible by the ALJ, he must *first* show "evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can reasonably be expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). The Eleventh Circuit has also held that:

> [W]here proof of a disability is based upon subjective evidence and a credibility determination is, therefore, a critical factor in the Secretary's decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to a specific credibility finding. . . . Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.

*Foote v. Chater*, 67 F. 3d 1553, 1562 (11th Cir. 1995); *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983). Social Security Regulation 96-7p states in relevant part, that:

> In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual,

5

and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.

Additionally, 20 C.F.R. § 416.929(a), in relevant part, states that:

> Statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.

In his Findings, the ALJ acknowledged the requirements and procedures he must follow in assessing Claimant's residual functional capacity, making specific reference to 20 C.F.R. § 416.929 and Social Security Rulings 96-4p and 96-7p, as well as 20 C.F.R. § 416.927 and Social Security Rulings 96-2p, 96-5p and 96-6p. (Tr. 18). He then referenced the pain standard used in assessing Claimant's credibility. *Id.* The ALJ then discussed Claimant's medical history and cited to medical evidence regarding the Claimant's allegations of the severity of her pain. *Id.* The record reveals that the ALJ considered Claimant's testimony, medical evidence provided by the Claimant, along with her functional restrictions, to find that her allegations of pain were less than credible, and that the medical evidence of record did not support the severity alleged. *Id.*

In evaluating credibility, "[b]ased on a consideration of all of the evidence in the case

record, the adjudicator may find all, only some, or none of an individual's allegations to be credible." SSR 96-7p. A limitation cannot be established solely by a claimant's own report. *See* 20 C.F.R. § 416.928(a). The record must contain medical evidence, in the form of observable abnormalities or laboratory findings, that "shows the existence of a medical impairment(s) . . . which could reasonably be expected to produce" the alleged limitation. *Id.* Furthermore, the ALJ must "clearly articulate explicit and adequate reasons for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotations and citations omitted). While "[t]he credibility determination does not need to cite particular phrases or formulations," it must sufficiently indicate that the ALJ considered the claimant's medical condition as a whole. *Id.* (quotations and citations omitted).

Applying the *Holt* test to this Claimant's pain allegations, the Court concludes that she failed to overcome the Findings of the ALJ by establishing either that the medical evidence confirmed the severity of her pain or that her medical condition was so severe as to reflect the alleged pain. It is further found that the ALJ's credibility determination was in compliance with prevailing Eleventh Circuit law. As noted above, the court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner, but must decide if the Commissioner applied the proper standards in reaching a decision. Here, the ALJ applied the proper pain standard and supported his credibility assessment with substantial evidence in the record.

**II. Did the ALJ err in failing to specify the weight he gave to the medical opinions of record?**

Claimant next argues that the ALJ erred in failing to specify what weight he gave to the medical opinions of record. (R. 12, p. 10). She contends that the ALJ "failed to state the weight given to any doctor who treated or examined [Claimant]" and, further, that "the ALJ's decision is entirely devoid of a single mention of the weight afforded to any medical opinion. The closest the ALJ comes to affording weight in his decision is his statement that 'the state agency medical expert opinions are consistent with this opinion.'" *Id.* at 12. Claimant specifically argues that the ALJ committed reversible error in failing to address the opinions of Dr. Bramlett, Dr. Bush, and Dr. Feiseler *Id.*

The regulations define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2); *see* SSR 96-5p. An ALJ is not required to give significance to opinions of any medical provider where the opinion relates to issues reserved solely for determination by the Commissioner; this includes any physician's opinion which states that he finds the claimant disabled or that the claimant's impairments meet or equal any relevant listing. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p. Determinations of disability or RFC "are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case - i.e., that would direct

8

the determination or decision of disability." 20 C.F.R. § 416.927(e); *see* SSR 96-5p.

In making his findings, "the ALJ [is] required to state with particularity the weight he [gives] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ can reject the opinion of any physician when the evidence supports a contrary conclusion or when it is contrary to other statements or reports of the physician. *See Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991); *see also Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984) (per curiam). The weight afforded a medical source's opinion on the issues of the nature and severity of a claimant's impairments is analyzed with respect to factors including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, the evidence the medical source submitted to support the opinion, the consistency of the opinion with the record as a whole, and the specialty of the medical source. 20 C.F.R. § 416.927(d).

As to the medical opinions of Dr. Bramlett, it appears that the records submitted do not relate to the relevant time period, as they are all dated prior to Claimant's onset date of January 1, 2005. The ALJ, therefore, could not have erred in failing to address Dr. Bramlett's opinions. With regard to the opinions expressed by Dr. Feiseler, whose records contained notes of sciatica, radiculopathy and that she was unable to work, the record reflects that although the ALJ did not name Dr. Feiseler specifically, he did discuss his opinions. (Tr. 18-19). Furthermore, as noted above, Dr. Feiseler's opinion that Claimant was "unable to work" is a determination reserved solely for determination by the Commissioner. 20 C.F.R. § 416.927(e)(1), (2) & (3); SSR 96-5p.

9

Claimant's contention that the ALJ erred in failing to afford weight to Dr. Jerry W. Bush's opinions must also fail. The record reflects that the consultative physician, Dr. Bush examined Plaintiff on December 20, 2007, and found her to have a full range of motion, normal gait and station, normal reflexes and dexterity and only moderate restrictions in walking. (Tr. 313, 314). The ALJ specifically discussed the records of Dr. Bush in his findings. (Tr. 19). Furthermore, non-examining physicians Dr. Harold Sours (Tr. 348) and Dr. Arthur Lesesne (Tr. 379) corroborated the moderate limitations opined by Dr. Bush and further determined that Claimant had capabilities to lift, sit, stand and walk for 6 hours in an 8 hour workday within the residual functional capacity found by the ALJ and considered by him in his ultimate determination that Claimant is not disabled and entitled to benefits.

Upon review of the entire record, the ALJ appears to have committed no error in weighing or discounting the opinions of Claimant's treating physicians, nor any error in evaluating the medical evidence, and substantial evidence supports his decision.

**III.    Did the ALJ err in failing to apply the "slight abnormality standard" in determining that her restless leg syndrome was not severe?**

Lastly, Claimant contends that the ALJ failed to apply the "slight abnormality standard" in determining that her restless leg syndrome was not severe. (R-12, p.13). Pursuant to *Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir.1987), if an impairment causes only mild effects on a claimant's ability to work, or is amenable to medical treatment, it may be found not severe. Additionally, 20 C.F.R. § 404.1520 states that an impairment is not severe "if it does not significantly limit your physical or mental ability to do basic work

activities." At step two of the sequential analysis, the burden of proof is on the Claimant to establish that her impairments are severe and more than mere, slight abnormalities. *See Brady v. Heckler*, 724 F.2d 914, 920 (11th Cr.1987).

Here, the ALJ determined that Claimant had severe impairments consisting of degenerative disc disease and COPD. He discussed Claimant's leg pain but found that the evidence of record did not support a finding that is was so severe as to preclude work within the RFC adopted therein. (Tr. 18-20). Furthermore, as noted by the ALJ, the record contains no record of specific or routine treatment for her restless leg syndrome. Clinical evidence is present in the record that Claimant complained of leg pain in an August 14, 2007, consultation with Dr. David Fieseler at Upson Regional Medical Center (Tr. 331) and again on August 31, 2007, for which she was prescribed Lortab, Lyrica, Mirapex and Verapamil. Less than a month later, on a third visit, she reported improvement on medication (Tr. 325) and did not return until November 2007, with unrelated complaints of back pain due to overexertion. (Tr.325). Although Claimant further complained incidentally of leg pain (Tr. 324) all objective signs were well within normal range and the physician ordered refills of her pain medication and added Valium to her regimen. (Tr.325). The consideration by the ALJ of the routine and conservative treatment afforded to Claimant by her treating physician, the lack of evidence in the record of the persistence and severity of the asserted pain, and her own report that the leg pain was better with medication provide substantial evidence for his finding that the leg pain complained of by the Claimant is not of sufficient severity to preclude work within the residual functional capacity of the Claimant which the ALJ

properly adopted. (Tr. 20). As such, the ALJ determined that Claimant did not meet her burden of proving that her restless leg syndrome caused more than minimal functional limitations.

## CONCLUSION

It is found that the decision of the ALJ and his consideration, as indicated above, of the entire record in his determination of the credibility of the Claimant compels the conclusion here that the finding by the ALJ that Claimant is not disabled as defined by the Act is based on substantial evidence as defined in *Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005), and the Commissioner's decision to deny the Claimant the disability benefits she seeks is the result of the proper application of the appropriate standard of law called for by Congress in the Act.

**WHEREFORE**, it is the recommendation to the United States District Judge that the decision of the defendant Commissioner of Social Security be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), Claimant may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

THIS the 29th day of July, 2010.

                                            **S/ STEPHEN HYLES**
                                            **UNITED STATES MAGISTRATE JUDGE**

lws